IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN RUSSELL, #K3887                                                         PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 5:12-cv-160-DCB-MTP

CHRISTOPHER EPPS, et al.                                                   DEFENDANTS

ORDER DENYING *IN FORMA PAUPERIS* STATUS
AND REQUIRING THE PLAINTIFF TO PAY THE FILING FEE

There came on for consideration of the Court in the captioned cause the plaintiff's motion to proceed *in forma pauperis* in this civil action. The plaintiff originally filed this complaint on October 1, 2012, on a form used to pursue a § 2241 habeas corpus petition and it was assigned civil action number 5:12-cv-136. The Court entered a Memorandum Opinion and Order [6] on November 27, 2012, finding that the plaintiff's allegations in civil action number 5:12-cv-136 did not challenge his conviction or sentence, but instead the conditions of confinement. As a result, the Court dismissed the plaintiff's habeas petition assigned civil action number 5:12-cv-136 and severed the plaintiff's conditions of confinement claims directing the Clerk to open a new civil action on November 27, 2012, which was assigned the above referenced civil action number. *See* Mem. Op. [1]. As discussed below, the Court has determined that the plaintiff's motion to proceed *in forma pauperis* will be denied.

Plaintiff complains that one of the defendants, Robert Sturdivant, placed "a hit" on Plaintiff because he had written the A.C.L.U. a letter and reported that Defendant Sturdivant was beating inmates. Compl. [2] at 3. Additionally, Plaintiff alleges that Defendant Sturdivant had Plaintiff's hand broken in January 2012 and April 2012. *Id*. The complaint is dated September 25, 2012.

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed *in forma pauperis* (i.f.p.) is denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(g). The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure. Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else.

*Id*. at 386-87.

The Court finds that during the plaintiff's incarceration, he has brought at least three civil actions or appeals under § 1915 which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Russell v. Sparkman, et al.*, 4:02-cv-185 (N.D. Miss. Sept. 11, 2002)(dismissing Plaintiff's claim for failure to state a claim); *Russell v. Bearry, et al.*, 4:04-cv-144 (N.D. Miss. Mar. 7, 2007)(dismissing Plaintiff's claim for failure to state a claim), *aff'd*, No. 07-60310 (5th Cir. Oct. 15, 2008); and *Russell v. Liddell, et al.*, 4:07-cv-145 (N.D. Miss. Oct. 12, 2007)(dismissing Plaintiff's claim for failure to state a claim).

Title 28 U.S.C. § 1915(g), however, contains an exception to the "three-strikes provision." This exception allows prisoners to proceed i.f.p. in cases where he is under

imminent danger of serious physical injury.  Addressing the exception provision of § 1915 (g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger *at the time that he seeks to file his suit in district court* or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (emphasis added).  Clearly, the danger must exist at the time the complaint was filed.  *Id*.  "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."  *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)).

Plaintiff does not meet the exception of imminent danger.  The incidents the plaintiff references occurred months before the complaint and are no longer imminent.  *See id*. (holding that allegations of past harm will not meet the exception of § 1915(g)).  Although the guidance is somewhat limited, the United States Court of Appeals for the Fifth Circuit has refused to apply the "imminent danger" exception under similar circumstances.  For example,

> in *King v. Livingston*, civil action no. 3:05cv464 (S.D.Tex., September 8, 2005), the plaintiff Gerald King alleged that his complaints against prison officials, through grievances and lawsuits, had brought him "threats of bodily harm, making sure I don't make parole, and threats that I would never leave the Texas prison system."  King went on to allege that "these threats have been carried out through physical assaults by Defendants, bogus and retaliatory disciplinary cases, major and minor tampering and denial of medical treatment and restrictions, and denial and delays of chronic prescribed medication as a plot to medically induce my death."

*Kidd v. Thaler*, No. 9:11cv18, 2011 WL 6714527, at *9 (E.D. Tex. Aug. 26, 2011).  King expressly referenced an assault two months before he filed his complaint and further claimed that his "asthma inhaler was changed from a 30 day renewal to a 90 day renewal so that he would be 'without it for 60 days to medically induce my death.'"  *Id*.  Despite these claims, the Fifth Circuit affirmed dismissal based on the three-strikes rule, finding as follows:

> King argues that he is in imminent danger of serious physical injury because he has been assaulted several times by the defendants and other inmates and because the defendants have attempted to cause him serious physical injury from the time of Hurricane Rita to the present. King fails to meet the showing required to avoid application of the three strikes bar under 28 U.S.C. § 1915(g).

*King v. Livingston*, 212 F. App'x 260, 262 (5th Cir. 2006) (citing *Baños*, 144 F.3d at 884–85).

The alleged threats in the present case, like those alleged in *King*, fall short of the imminent danger exception. *See also Abdul-Akbar*, 239 F.3d at 315(deciding that plaintiff's claims of having been sprayed with pepper spray along with allegations that prison officials continue to harass, plot to hurt or kill the plaintiff as well as other forms of retaliation are insufficient to allege imminent danger); *Basey v. Mooneyham*, 172 Fed. App'x 582, 583-84 (5th Cir. 2006) (per curiam) (inmate's claim that his "life endangerment" request was ignored and he was denied a transfer to a different housing facility does not allege "facts showing that he was under threat of serious bodily injury" at the time he filed his notice of appeal); *Davis v. Scott*, No. 00-40401, 2000 WL 1835296, at *1 (5th Cir. Nov. 29, 2000) (per curiam) (assertion by inmate that he is in imminent danger because he is suffering from mental anguish and mental distress due to the defendants' violation of his constitutional rights does not establish that he is under imminent danger of serious physical injury). Thus, this Court finds that the allegations of the instant civil action are insufficient to meet the threshold requirement of imminent danger of serious physical injury at the time the plaintiff filed this complaint. *See Banos*, 144 F.3d at 884-85.

Having considered the allegations of the complaint, the Court finds that plaintiff has three-strikes and does not meet the exception to proceed i.f.p. Therefore, denial of plaintiff's i.f.p. privilege is appropriate. Accordingly, it is

ORDERED AND ADJUDGED, that the plaintiff's motion [14] to proceed *in forma pauperis* in this cause is **denied** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED AND ADJUDGED, that plaintiff is granted 21 days from the entry of this order, to pay to the clerk of court the requisite filing fee of $350.00 plus a $50.00 administrative fee. If the fee is paid by plaintiff or someone other than plaintiff, there must be a written explanation that the money is being submitted as payment of the filing fee in this case (5:12-cv-160-DCB-MTP) on behalf of plaintiff Kevin Russell, #K3887. The fee of $400.00 in this civil action may be payable to the Clerk, and mailed to the Clerk, 501 E. Court Street, Suite 2.500, Jackson, Mississippi 39201.

**Failure to pay the filing fee in a timely manner may result in the dismissal of this case for want of prosecution under FED. R. CIV. P. 41(b).**

This the 27th day of August, 2013.

 s/David Bramlette
UNITED STATES DISTRICT JUDGE