IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN RUSSELL, #K3887                                              PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:12-cv-160-DCB-MTP

CHRISTOPHER EPPS, et al.                                       DEFENDANTS

OPINION AND ORDER

Upon further consideration of the records in this action, the Court finds that an order [32] was entered on August 28, 2013, denying the pro se prisoner plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and requiring plaintiff to pay the full filing fee of $400.00 within 21 days.  Plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.

On September 20, 2013, the plaintiff filed a motion for reconsideration [33] which was denied by an order [34] entered on September 26, 2013.  The order [34] of September 26, 2013, also granted a 15-day extension of time in which the plaintiff was to pay the filing fee.  That order [34] of September 26, 2013, advised the plaintiff that this was his final opportunity to pay the filing fees of $400.00 and in the event the plaintiff failed to pay the filing fees the case would be dismissed without further notice to the plaintiff.

As mentioned previously, the plaintiff has not paid the filing fee as directed in the order [32] of August 28, 2013.  Plaintiff was directed to pay the fee within 30 days of the entry of the order [32] of August 28, 2013, or his case would be dismissed.  The court has been lenient with this deadline and granted the plaintiff an extension of time, *see* Order [34], and the plaintiff has still not complied with the Court's order.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute

under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action <u>sua</u> <u>sponte</u>.  <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile.  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  <u>Link</u>, <u>supra</u>, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Opinion and Order will be entered.

This the  30th   day of October, 2013.


  s/David Bramlette_____
    UNITED STATES DISTRICT JUDGE