IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN RUSSELL, #K3887                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 5:12-cv-160-DCB-MTP

CHRISTOPHER EPPS, et al.                                              DEFENDANTS

OPINION AND ORDER

Upon further consideration of the records in this action, the Court finds that an order [32]

was entered on August 28, 2013, denying the pro se prisoner plaintiff's request to proceed in

forma pauperis pursuant to 28 U.S.C. § 1915(g) and requiring plaintiff to pay the full filing fee

of $400.00 within 21 days.  Plaintiff was warned that his failure to timely comply with the

requirements of the order would lead to the dismissal of his lawsuit.

On September 20, 2013, the plaintiff filed a motion for reconsideration [33] which was

denied by an order [34] entered on September 26, 2013.  The order [34] of September 26, 2013,

also granted a 15-day extension of time in which the plaintiff was to pay the filing fee.  That

order [34] of September 26, 2013, advised the plaintiff that this was his final opportunity to pay

the filing fees of $400.00 and in the event the plaintiff failed to pay the filing fees the case would

be dismissed without further notice to the plaintiff.

As mentioned previously, the plaintiff has not paid the filing fee as directed in the order

[32] of August 28, 2013.  Plaintiff was directed to pay the fee within 30 days of the entry of the

order [32] of August 28, 2013, or his case would be dismissed.  The court has been lenient with

this deadline and granted the plaintiff an extension of time, *see* Order [34], and the plaintiff has

still not complied with the Court's order.

The Court has the authority to dismiss an action for the plaintiff's failure to prosecute

under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough

v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  As the record demonstrates, the Court's efforts to

pursue lesser sanctions than dismissal have proven futile.  The Court must be able to clear its

calendars of cases that remain dormant because of the inaction or dilatoriness of the parties

seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction

is necessary in order to prevent undue delays in the disposition of pending cases and to avoid

congestion in the calendars of the Court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading,

and have never appeared in this action, and since the Court has never considered the merits of

plaintiff's claims, the Court's order of dismissal should provide that dismissal is without

prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Opinion and Order will be entered.

This the  30th   day of October, 2013.


 s/David Bramlette_____
   UNITED STATES DISTRICT JUDGE